**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| BRADEN DUNCAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | |
| | § | Complaint for Damages |
| YAMAHA MOTOR CORPORATION, U.S.A., | § | |
| YAMAHA MOTOR MANUFACTURING | § | <u>JURY DEMANDED</u> |
| CORPORATION OF AMERICA, and | § | |
| YAMAHA MOTOR CO., LTD. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Braden Duncan and complains of Defendants YAMAHA MOTOR CORPORATION, U.S.A., YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, and YAMAHA MOTOR CO., LTD. ("Defendants") as follows:

### <u>PARTIES</u>

1.      Plaintiff Braden Duncan ("Mr. Duncan") is a resident natural person of the State of Texas residing in Tarrant County, Texas.

2.      Defendant YAMAHA MOTOR CORPORATION, U.S.A. ("YMUS") is a foreign corporation, organized and existing under the laws of the State of California and is authorized to conduct business in Texas.  The Defendant may be served by serving its registered agent for service of process in Texas: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      Defendant YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA ("YMMC") is a foreign corporation, organized and existing under the laws of the State of California and is authorized to conduct business in Texas.  The Defendant may be served by serving its registered agent for service of process in Texas: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      Defendant YAMAHA MOTOR CO., LTD ("YMC") is a Japanese corporation, with its principal place of business at 2500 Shingai, Iwata-shi, Shizuoka-ken, Japan.  Defendant, at all times material to this action, has engaged in business in Texas.  Defendant does not maintain a principal place of business in Texas and has no designated agent on whom service of citation may be made.  The causes of action arose from and are connected with purposeful acts committed by the Defendant in Texas.  Accordingly, Defendant may be cited by serving YMC through the formalities of The Hague Convention, providing that the citation and petition are forwarded to Defendant's principal place of business.   Plaintiff will initiate the process of serving the Defendant through The Hague Convention.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum specified by 28 U.S.C. § 1332(a), seventy-five thousand dollars ($75,000.00) excluding interest and costs.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Texas.  Specifically, the incident made the subject of this suit occurred in Tarrant County, Texas.

## FACTS

7.      This case involves personal injuries sustained by Mr. Duncan that occurred on or about August 3, 2012.

8.      Specifically, on or about August 3, 2012 Mr. Duncan operated a 2007 Yamaha Rhino 450 YXR45FW ("Subject Rhino") on fairly flat, grassy terrain.

9.      While operating the vehicle, Mr. Duncan steered right and the vehicle began tipping towards the driver's side.

10.     As the vehicle tipped, Mr. Duncan instinctively extended his left arm and the unpadded roll cage snapped down, crushing his arm between the cage and the ground, resulting in severe and permanent injuries to his hand, wrist, and forearm.

## CAUSES OF ACTION AGAINST DEFENDANTS

## COUNT I - Strict Liability

11.     Prior to and on August 3, 2012, Defendants were engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling recreational utility vehicles, including the Subject Rhino, to be used by the general public, including Mr. Duncan.  The Subject Rhino was placed in the stream of commerce in a defective condition, unreasonably dangerous to the users thereof, and not fit for its intended use and reasonably foreseeable purpose.

12.     The Subject Rhino was not changed or altered in any non-foreseeable respect from the time that it was manufactured and sold by one or more of the Defendants to the time and place of the incident described above.

13.     At all times relevant hereto, the subject Rhino was in a defective and unreasonably dangerous condition in ways which include:

      a.    The layout and shape of the roll cage/cab frame was unreasonably dangerous, in that in the event of a rollover, the entire length of the bars running above a passenger's head would contact the ground, potentially crushing limbs extended into the area where limbs often end up during a rollover;

      b.    The roll cage consisted of exposed metal bars that lacked safety padding;

      c.    It had a track width too narrow for foreseeable use;

      d.    It was insufficiently tested;

      e.    It lacked adequate warnings of danger or instructions for safe use of the vehicle;

      f.    It had a center of gravity too high for foreseeable use; and

      g.    It lacked an adequate occupant containment system.

14.     The unreasonably unsafe design of the layout of the Yamaha Rhino's roll cage has caused several catastrophic left arm injuries to drivers in tip or roll overs because it is a driver's natural instinct to extend his or her limbs during a driver's side tip or roll over.

15.     Despite knowing that occupants involved in a tip or roll over will instinctively extend their limbs outside of the vehicle's cabin, Yamaha manufactured, assembled, marketed and sold, and continues to manufacture, assemble, market and sell the Yamaha Rhino line of vehicles with the above-described design defects.

16.     There are significantly safer alternative designs on the market for the like product. The Arctic Cat *Prowler*, Honda *Big Red*, Kubota *RTV900XT,* Polaris *RZR XP 900* and Kawasaki *Mule* are manufactured with roll cages that incorporate recessed roll cage designs – or roll cages

4

containing extrusions – that minimize crush points and create a zone of safety where occupants and their limbs often land during a sideways tip or roll over.

17.     The unreasonably dangerous nature of the defects described above creates a high probability that the Subject Rhino would roll over and, when the Subject Rhino is involved in a foreseeable rollover, severe and permanent injuries will result.

18.     Defendants knew or should have known of this risk prior to production and marketing of the Subject Rhino and vehicle line.  The defect in the Subject Rhino was not known to Mr. Duncan and not reasonably discoverable by him.

19.     The defects in the Subject Rhino were a direct and producing cause of Mr. Duncan's injuries and damages as alleged herein.

## COUNT II - Negligence

20.     Defendants owed a duty of reasonable care in designing and/or manufacturing a product that would not cause harm to the ultimate users of the product.  Defendants breached this duty and said breach was the proximate cause of Mr. Duncan's injuries.

21.     Defendants knew, or in the exercise of ordinary care and diligence should have known, the Subject Rhino was defectively designed, manufactured and/or marketed to those persons likely to use the product for its intended purpose and in the manner for which it was intended to be used.  Consequently, Defendants had a duty to manufacture a safe product, or minimally, warn the ultimate user of the defective design.  Defendants breached this duty, thereby proximately causing Mr. Duncan's injuries and damages.

## ACTUAL DAMAGES

22.     As a proximate result of the actions and conduct of the Defendants set forth above, Plaintiff incurred substantial medical costs and suffered physical impairment,

disfigurement, pain, discomfort, suffering, disability, other actual damages.  By reason of those injuries and the damages flowing therefrom, this suit is maintained.

## PUNITIVE OR EXEMPLARY DAMAGES

23.    At and after the time of manufacture and sale of the Subject Rhino, and prior to the incident which forms the basis of this action, Defendants knew or should have known that the Subject Rhino was defective and would subject Plaintiff and other consumers and users to an unreasonable risk of loss and great bodily harm.

24.    In designing, engineering, manufacturing, testing, inspecting, marketing, distributing and selling the Yamaha Rhino, Defendants acted in a malicious, fraudulent, wanton, willful and reckless manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to consequences.

25.    In refusing and/or failing to adequately warn the users, including Plaintiff, and consumers of such unreasonable risks, and in refusing to recall the Yamaha Rhino despite the knowledge Defendants had or should have had of the defects enumerated hereinabove, Defendants acted in a malicious, fraudulent, wanton, willful and reckless manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to consequences.

26.    Defendants' conduct is so aggravating as to warrant, justify and require the imposition of punitive or exemplary damages pursuant to law.

## JURY TRIAL

27.    Plaintiff hereby requests a trial by jury on all claims.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer herein as provided by law, and that upon final hearing, that Plaintiff

recover judgment against Defendants in an amount that will reasonably compensate Plaintiff for all of his damages, including prejudgment and post-judgment interest, costs of court, and all further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

/s/ Preston R. Mundt
Bradley A. Winters *(pro hac vice pending)*
MO State Bar No. 29867
bwinters@scwstl.com
Douglas J. Winters *(pro hac vice pending)*
MO State Bar No. 65284
dwinters@scwstl.com
Sher Corwin Winters LLC
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105
Telephone: 314-721-5200
Facsimile: 314-721-520

Preston R. Mundt
TX State Bar No. 24058465
Preston.mundt@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 878-3558
Facsimile:  (817) 878-9280

*Attorneys for Plaintiff Braden Duncan*